UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANTE WILLIAMS,

    Plaintiff,

    v.                                     CAUSE NO. 3:21-CV-920-JD-MGG

BRADLEY, et al.,

    Defendants.

OPINION AND ORDER

Deante Williams, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation

marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In addition, the Federal Rules of Civil Procedure provide that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). When the plaintiff references and relies on it, "the contents of that document become part of the complaint and may be considered as such when the court [determines] the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted).

On September 2, 2021, at approximately 1:30-2:00 AM, Williams alleges Sergeant Bradley[1] began opening the doors of cells on his unit at the Miami Correctional Facility (MCF) so that inmates could get ready to leave for kitchen duty. Neither Williams nor his bunkmate was assigned to kitchen duty. Williams claims Sgt. Bradley "open[ed] doors that shouldn't have been open[ed] an[d] there were to[o] many people out" because the dorm was supposed to be on lockdown. ECF 1 at 3. An inmate Williams had "problems with a day before" told Sgt. Bradley to open Williams's cell door, and he did. Nine to ten inmates with knives surrounded his door,[2] and Williams was stabbed in the face and hand as he ran down the range trying to flee. When Williams arrived at the "floor" of the unit, Sgt. Bradley did nothing to help and instead sprayed him with

---

[1] He refers to him as "Sargent Bradily" in the body of his complaint but has crossed that spelling out in the caption and noted it instead as "Bradley."

[2] In a grievance attached to the complaint, Williams notes Sgt. Bradley was in the middle of the dorm when the door was opened and alleges could see the inmates at his door with "knives read to attack." ECF 1-1 at 1.

pepper spray as the inmates were attacking him. *Id*. Williams slipped on some trash, and the inmates began stabbing him everywhere—on his head, arms, legs, butt, back, and lungs.

Williams suffered a collapsed lung, and he couldn't breathe. He was airlifted to an outside hospital where he was treated for his multiple stab wounds. Once he returned to MCF, he was put in a dorm with his "wounds still open" since he wasn't fully recovered yet. *Id*. at 4. He alleges he remained in pain and is having trouble sleeping due to the memories of that morning. He has asked for "mental health," but no one from that department has seen him. *Id*. Williams claims they moved him to a different dorm—where he cannot use the phone or a tablet—since his return. He alleges to have filed four grievances about the matter, but no one has responded.

Williams has sued several defendants for monetary damages—Sgt. Bradley for opening the cell door and failing to help while the inmates were attacking him,[3] Captain Murphy because he was in a supervisory role over the unit when the events occurred, and Warden Hyatte because he "runs the facility" and the employees "did not do what was in their policy" on the day of the attack. *Id*. He has sued the MCF and Correctional Officer Stewert for monetary damages as well.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However,

---

[3] He states Sgt. Bradley did not meet the standard of keeping him safe and secure and was "working with the inmates to get me killed." ECF 1 at 4.

3

"prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As this circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [Plaintiff] testified during his deposition that he told officers twice . . . that he was afraid for his life and he wanted to be transferred off the tier. . . . We have previously held that statements like those made by [plaintiff] are insufficient to alert officers to a specific threat. In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were . . . .. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted).

Here, Williams alleges Sgt. Bradley opened his cell door when it should have remained locked and let too many people out at a time on his unit during a period of lockdown, which led to the attack. Although Williams states that an inmate he had

4

issues with the prior day asked Sgt. Bradley to open the door, he does not allege—nor is it reasonable to infer based on the facts presented in the complaint—that Sgt. Bradley knew of those previous issues or had reason to suspect a pre-planned attack would occur. *See Klebanowski*, 540 F.3d at 639–40. That said, when the complaint is read in conjunction with the attached grievance (ECF 1-1)—and giving Williams the benefits to which he is entitled at this stage—it may be plausibly inferred that the nine to ten inmates surrounding his door with knives (whom Williams stated Sgt. Bradley was able to see from his location at the time he opened the door) presented an immediate impending harm that Sgt. Bradley was aware of and to which he was deliberately indifferent. *See e.g. Santiago v. Wells*, 599 F.3d at 756; *see also Pavlick v. Mifflin*, 90 F.3d 205, 208–10 (7th Cir. 1996) (a reasonable jury could find guard who opened the door of an inmate's cell which allowed other inmates to attack him was deliberately indifferent to his safety or perhaps even actively aided in the assault). Thus, Williams will be permitted to proceed on a claim for damages against Sgt. Bradley based on these allegations.

Williams also claims Sgt. Bradley was deliberately indifferent to his safety while the attack was occurring. He alleges Sgt. Bradley did "nothing" to help and instead sprayed him with pepper spray as the inmates surrounded him. "[C]orrectional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety[.]" *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011). In other words, "'A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates

5

when the circumstances make it clear that such action would put her in significant jeopardy.'" *Id*. (quoting *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007)). However, once an offender is under an attack, an officer cannot just stand by and do nothing. *See Schillinger v. Kiley*, 954 F.3d 990, 994-95 (7th Cir. 2020); *see also Borello v. Allison*, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "ignored an inmate's complaint that he feared violence from his cellmate or did not respond to actual violence between inmates").

At a later stage in this case, it may be determined that spraying mace at Williams during the chaos of the attack was a reasonable action. *See e.g. Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005) (official was not deliberately indifferent when he responded to inmates' attack on the plaintiff inmate by placing all the inmates against a wall, even though the plaintiff was then stabbed by another inmate, because his response was reasonable under the circumstances). Nevertheless, giving him the benefit of the inferences to which he is entitled at this stage, because Williams has alleged Sgt. Bradley did "nothing" to assist him but rather sprayed him with mace in order to further harm him, Williams will be permitted to proceed against Sgt. Bradley on an Eighth Amendment claim for taking no action whatsoever to help him while he was being attacked on September 2, 2021.[4]

---

[4] Although Williams also complains about his medical care once he returned to MCF, he does not allege, nor is it reasonable to infer, that Sgt. Bradley was involved in his medical care (or lack thereof) in any way. Thus, these claims will be dismissed. *See e.g. George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.").

With regard to the Warden and Captain Murphy, officials cannot be held liable simply because they hold supervisory positions at the prison. *See e.g. Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (Liability under 42 U.S.C. § 1983 is based on personal responsibility, and supervisory defendants cannot be held liable for the misdeeds of other prison staff.); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (same). Such staff can be held liable for deliberate indifference only when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Williams has not alleged any facts to suggest the Warden or Captain Murphy participated in, had knowledge of, or turned a blind eye to the events that transpired. Therefore, they will be dismissed from this lawsuit.

Finally, Williams has named Correctional Officer Stewert in the caption but has not mentioned him anywhere in the body of the complaint, so he will be dismissed. *See e.g. George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). He has also named MCF as a defendant, but the MCF is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against MCF either.

For these reasons, the court:

(1) GRANTS Deante Williams leave to proceed against Sergeant Bradley in his individual capacity for monetary damages for being deliberately indifferent to his safety in violation of the Eighth Amendment when he opened the door of his cell on September 2, 2021, which led to an attack by other inmates;

(2) GRANTS Deante Williams leave to proceed against Sergeant Bradley in his

individual capacity for monetary damages for being deliberately indifferent to his needs in violation of the Eighth Amendment when he refused to assist him in any way during the attack on September 2, 2021;

(3) DISMISSES all other claims;

(4) DISMISSES Murphy, Hyatte, Stewert, and the Miami Correctional Facility;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Bradley at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Bradley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 24, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT